UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-cv-03006 |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., and ) | |
| TRANSUNION, LLC., ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Tyrone Brewer, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), for a finding that Defendants' actions violated the FCRA and to recover damages for Defendants' violations of the FCRA, and alleges:

## JURISDICTION AND VENUE

1.  Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## STANDING

3.  Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant sharing of false information regarding an alleged debt. *Evans v. Portfolio Recovery Associates,* 889 F.3d 337, 344 (7th Cir. 2018).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Tyrone Brewer ("Plaintiff"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

7. Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Equifax was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

9. Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois. Experian's registered agent is C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago, Illinois 60604.

10. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Experian was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

11. Defendant, TransUnion, LLC, ("TransUnion"), is a Delaware limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

12. TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times TransUnion was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS**

13. According to Defendants, Plaintiff incurred a delinquent debt owed for a Prestige account, based on information furnished by Prestige ("alleged debt").

14. However, the credit information reported by Prestige was incorrect.

15. Plaintiff opened an account with Prestige in 2016 and made consistent payments on his Nissan Versa in 2016 and 2017.

3

16. In 2018, Plaintiff stopped making payments on the car and it was repossessed with the amount owed at time of repossession being $11,475.

17. Prestige subsequently sold the car at auction and credited Plaintiff for the value of the vehicle.

18. At the time of repossession, the value of the car was well over $10,000.00.

19. However, a mistake was made, and Plaintiff's account was only credited for a few thousand dollars.

20. In fact, after the repossession, the total amount being reported *increased* eventually reaching $15,161.

21. In response to Defendants inaccurate credit reporting, Plaintiff sent a letter to Equifax, Experian, and TransUnion, notifying them that the amount being reported as owed on the car is inaccurate as it does not reflect a credit for the sale of the vehicle and requesting that they correct the tradeline.

22. Equifax, Experian, and TransUnion did not respond to the disputes.

23. However, after obtaining copies of his recent credit reports, Plaintiff discovered that Equifax, Experian, and TransUnion are each still reporting Prestige's inaccurate tradeline.

24. Because the tradeline does not reflect a credit for the sale of the vehicle, the information being reported by Equifax, Experian, and TransUnion is false and misleading.

25. Equifax, Experian, and TransUnion have been notified that their tradelines contain inaccurate information, but each failed to reasonably investigate the matter.

26. Equifax, Experian, and TransUnion continue to report inaccurate information to date, as recently as May of 2021.

## COUNT I—UNREASONABLE REINVESTIGATION—EQUIFAX

27. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

28. On April 22, 2021, Plaintiff, through counsel, sent letters to Equifax via first class and certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be corrected. (Exhibit A, Dispute Letter).

29. Equifax received Plaintiff's dispute.

30. To date, Equifax continues to report inaccurate information on the account.

31. The tradeline lists numerous inaccuracies.

32. Despite the foregoing, Equifax has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

33. Equifax has been reporting inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

34. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

35. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified the furnisher of Plaintiff's dispute and the nature of the dispute.

36. Upon information and belief, Equifax updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

37. Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the

above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the inaccurate information about Plaintiff.

38. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   A. Adverse credit action;

   B. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   C. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

   D. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   E. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

39. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

40. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

   **Reinvestigation required**

   **. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

41. Equifax willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

42. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Prompt notice of dispute to furnisher of information**
>
> **. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

43. Equifax willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

44. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Consideration of consumer information**
>
> **In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

45. Equifax willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

46. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

7

47. Equifax willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

48. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

49. Equifax willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

50. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

    B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

    C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

    D.    Such other or further relief as the Court deems proper.

### COUNT II—UNREASONABLE REINVESTIGATION—EXPERIAN

51. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

52. On April 22, 2021, Plaintiff, through counsel, sent letters to Experian via first class and certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be corrected. (Exhibit B, Dispute Letter).

53. Experian received Plaintiff's dispute.

54. To date, Experian continues to report the inaccuracies on the account.

55. The tradeline lists numerous inaccuracies.

56. Despite the foregoing, Experian has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

57. Experian has been reporting inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

58. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

59. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Experian notified the furnisher of Plaintiff's dispute and the nature of the dispute.

60. Upon information and belief, Experian updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

61. Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the inaccurate information about Plaintiff.

62. Plaintiff has been damaged, and continues to be damaged, in the following ways:

      F.      Adverse credit action;

      G.      Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

      H.      Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

      I.      Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

      J.      Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

63. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

64. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

65. Experian willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

66. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who**

> **provided any item of information in dispute, at the address and in the manner established with the person. . . .**

67. Experian willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

68. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Consideration of consumer information**
>
> **In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

69. Experian willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

70. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

71. Experian willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

72. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**

> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

73. Experian willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

74. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

   E. Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

   F. Statutory damages pursuant to 15 U.S.C.A. §1681n;

   G. Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

   H. Such other or further relief as the Court deems proper.

## COUNT III—UNREASONABLE INVESTIGATION—TRANSUNION

75. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

76. On April 22, 2021, Plaintiff, through counsel, sent letters to TransUnion via first class and certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be corrected. (Exhibit C, Dispute Letter).

77. TransUnion received Plaintiff's dispute.

78. To date, TransUnion continues to report the tradeline on the account.

79. The tradeline lists numerous inaccuracies.

80. TransUnion has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

81. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

82. Plaintiff disputed the inaccurate information with TransUnion via regular U.S. mail and certified mail, and by following TransUnion's established procedure for disputing consumer credit information.

83. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, TransUnion notified the furnisher of Plaintiff's dispute and the nature of the dispute.

84. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, the furnisher received notification from TransUnion of Plaintiff's dispute and the nature of the dispute.

85. Upon information and belief, TransUnion updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

86. Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

87. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Adverse credit action;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    e. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

88. At all times pertinent hereto, the conduct of TransUnion, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

89. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

    **Reinvestigation required**

    **. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

90. TransUnion willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

91. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

    **Prompt notice of dispute to furnisher of information**

    **. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute**

> **from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

92. TransUnion willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

93. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Consideration of consumer information**
>
> **In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

94. TransUnion willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

95. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

96. TransUnion willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

97. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

15

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

98. TransUnion willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

99. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

    B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

    C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/*Michael Wood*
One of Plaintiff's Attorneys

Celetha Chatman

Michael Wood
**Community Lawyers LLC**
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com